FILED
SUPERIOR COURT
OF GUAM

2022 JAN 25 PM 5: 01

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROBERT JAY MARKS,<br><br>Plaintiff,<br><br>vs.<br><br>LARS FILIP HELLMONT, et al.,<br><br>Defendants. | **Superior Court Case No. <u>CV1084-19</u>**<br><br>**DECISION AND ORDER RE PLAINTIFF'S SECOND MOTION FOR DISCOVERY SANCTIONS** |

This Court addresses whether and to what extent to sanction Defendant Lars Filip Hellmont for discovery violations. Having considered the parties' arguments and relevant law, the Court GRANTS Plaintiff Robert Jay Marks' Second Motion for Discovery Sanctions and sanctions Hellmont under Guam Rules of Civil Procedure Rule 37(b)(2) and imposes attorney's fees and costs.

## I. <u>PROCEDURAL HISTORY</u>

On August 13, 2021, after finding that Hellmont's prior disclosures failed to comply with with the District Court of Guam's January 8, 2021 Order, the Court ordered Hellmont to properly respond to Marks' discovery requests, in compliance with Rule 34 and within fourteen days, i.e., by August 27. The Court also sanctioned Hellmont by awarding Marks' attorney's fees and costs to remedy the financial consequences of Hellmont's continued failure to respond to Marks' discovery requests.

On August 30, 2021, Hellmont filed a Submission, which included his answers responding to Marks' discovery requests. On September 15, 2021, Marks filed a Second Motion for Discovery Sanctions, alleging that Hallmont's August 30 Submissions failed to comply with



ORIGINAL

the Court's August 13 Order.  In his motion, Marks argues that Hellmont's responses violate Guam Rule of Civil Procedure ("GRCP") 37 in that they are evasive or incomplete.  Moreover, Marks argues that the Responses to Interrogatories are not signed under oath before a notary public, as required by Rule 33(b)(1) and that Hellmont failed to produce the Submissions as they are kept in the ordinary course of business or organized and labeled to correspond to the categories in the request in violation of Rule 34(b).  In opposition, Hellmont argues that he answered correctly and does not have any additional documents nor knowledge of additional facts.  Moreover, he claims that he was unaware of the requirement that Responses to Interrogatories must be signed under oath before a notary public.

## II.   LAW AND DISCUSSION

The Court first turns to whether Hellmont's responses were incomplete or evasive.  The discovery at issue involves information relating to three areas: first, information pertaining to BH Stiftung, including evidence relating to its existence; second, information pertaining to Hellmont's passport; and third, evidence pertaining to Hellmont's net worth.

### A. Discovery pertaining to BH Stiftung

The Court first reviews Marks' discovery requests pertaining to BH Stiftung.  In Requests for Production Numbers 4, 13, 23, 24, 26, 42, and 43, Marks sought varying information regarding BH Stiftung.  *See* Pl. Request for Production (July 24, 2020) and Pl. Second Requests for Production (Sept. 21, 2020).   The information requested included documentation relating to the status of Hellmont's position, membership or services with BH Stiftung between March 15, 2014 and March 15, 2019; documentation concerning BH Stiftung between March 15, 2014 and present; correspondence, communications to and from any Trustee of BH Stiftung between March 15, 2014 and present, including Dr. Deider Neuper or Dr. Dieter Neupert and a "Sophia";



and documents on which Hellmont will rely to show that he observed corporate formalities and adequately capitalized the entities of BH Stiftung. In response, Hellmont answered that BH Stiftung is not a defendant, that it does not exist, and that he does not have any knowledge of Dr. Deider Neuper or Dr. Dieter Neupert.

Upon review of the record, the Court finds that the information sought is relevant to Marks' claims against Hellmont. In his Amended Complaint, Marks alleges various causes of action relating to a March 15, 2014 Employment Offering Letter and an accord and satisfaction entered into by the parties on or before December 31, 2016. Am. Compl. ¶¶ 8, 22 (June 19, 2020). The record indicates that Hellmont acted under the authority of BH Trust, which Marks alleges is BH Stiftung, a trust located in Switzerland. For instance, in the Employment Offering Letter, "Trustee, BH Trust" is notated under Hellmont's signature line, *id.* Ex. A; and settlement offer documents referenced Dr. Deider Neuper, as Trustee of BH Stiftung. *Id.* ¶ 30. Moreover, the record includes an email from Hellmont to Marks indicating that he had to confer with a "Sophia" in Zurich before executing the accord and satisfaction, whom Marks alleges is associated with BH Stiftung, *id.* Ex. J; various emails from Hellmont to Marks indicating that he is in communication with a "Sophia," Decl. Counsel, Ex. 3 (Sept. 15, 2021); and an email from "Sophia" to Marks indicating that she is an assistant for Niclas Van Oden at BH Stiftung and is in contact with Hellmont. Pl. Ex. in Support of Reply Ex. 2 (Nov. 8, 2021).

Based on the foregoing, the Court finds that, at the time the parties allegedly entered into the Employment Offering Letter and discussed the accord and satisfaction, Hellmont acted under the authority of BH Stiftung. Furthermore, Hellmont indicated that he had knowledge of Dr. Deider Neuper and "Sophia." Accordingly, the Court finds that Hellmont's responses to Marks' requests are incomplete and evasive, in violation of GRCP Rule 37(a)(3).


ORIGINAL

As to Interrogatory Number 25,[1] the Court finds Hellmont's response that he needs to be in Guam to get the information inadequate. In its August 13, 2022 Decision and Order, the Court found that Hellmont's inability to travel to Guam due to the COVID-19 pandemic insufficient to justify his failure to produce the requested discovery. Based on the same reasoning, the Court finds that his response is also in violation of Rule 37(a)(3).

**B. Discovery pertaining to Hellmont's Passport**

In Request for Production Number 36, Marks sought copies of all of Hellmont's passports, together with entry and exit stamps into the United States of America and Guam, between January 1, 2014, and December 31, 2019. This information is relevant to substantiate Marks' allegations that Hellmont reduced his travel time to Guam between the years of 2014 through 2019. In response, Hellmont indicates that he submitted a copy of two passports and is still searching for additional European Union ("EU") Passports.

Upon review of the Passports that Hellmont submitted, the Court finds that the information provided is insufficient. In total, Hellmont submitted eight passport pages, which is an incomplete record of the two passports. Decl. of Counsel Ex. G (Jun. 1, 2021). Moreover, by Hellmont's own admission, he is in possession of additional EU Passports, although he claims that he is unable to locate them. Submission (Aug. 30, 2021). Considering the amount of time that Hellmont has had and his numerous inadequate discovery responses, the Court finds that his response is incomplete and evasive, in violation of GRCP Rule 37(a)(3).

---

[1] Under GRCP Rule 33(b)(1), "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Here, Hellmont's responses to interrogatories were not signed under oath before a notary public. Hellmont argues that he was unaware of this requirement. In Guam, the filings of pro se litigants are given considerable, lenient treatment in the aim of giving the parties every fair opportunity to present their cases. *Allen v. Richardson*, 2020 Guam 13 ¶ 8. Lenient treatment includes liberally construing their filings. *Ji v. Toves*, 2020 Guam 2 ¶ 13. Since Hellmont is self-represented and the requirement under GRCP Rule 33(b)(1) does not deprive Marks' of due process, *see Linsangan v. Gov't of Guam*, 2020 Guam 27 ¶ 34, the Court shall consider Hellmont's responses to Marks' Interrogatories, despite not conforming with GRCP Rule 33(b)(1).

ORIGINAL

## C. Concealment of Net Worth of Lars

In Interrogatory Number 27 and Request for Production Number 33 Marks sought information relevant to Hellmont's net worth.  The Interrogatory asked Hellmont to identify his net worth and the RFP asked for various financial statements.  In response, Hellmont answered that, due to COVID-19, it is impossible to value his investments in South North Agat II and ITC Logistics.  Moreover, he stated that he has already submitted documentation that shows his net worth to be somewhere between $0 and $500,000; and that he would turn over details regarding his net worth if a judge orders him to do so.

As Marks correctly points out, Hellmont's net worth is relevant to proving punitive damages.  As to Hellmont's responses, the Court notes that Hellmont was twice ordered to respond to Marks' discovery requests, which included disclosures pertaining to his net worth.  Accordingly, the Court finds that his response regarding an order from a judge incorrect and evasive.  Second, the Court finds that Hellmont's statement that it is impossible to value his in South North Agat II and ITC Logistics a valuation of Net Worth "somewhere between $0 and $500,000" is an incomplete and evasive response.  Accordingly, the Court finds that his responses violate Rule 37(a)(3).

## D. Rule 34(b)

Marks argues that Hellmont's Submission, which included an August 27, 2021 email of attachments, lacks any table of contents, dividers, or index.  Marks contends this violated GRCP Rule 34(b), which requires as much.  While the Court notes that it ordered Hellmont to respond to Marks' discovery requests in compliance with Rule 34(b) in its August 13 Order, the Court finds the table of contents listed in Hellmont's August 30 Submission sufficient.

ORIGINAL

## E. Sanctions

Having found Hellmont's August 30, 2021 Submissions failed to adequately respond to Marks discovery requests, pursuant to Rule 37, the Court turns to the extent of sanctions necessary. Marks requests the Court order the following sanctions:

(1)   Strike all Hellmont's pleadings including the Answer filed on July 7, 2020, and all eleven affirmative defenses, including any or all pleadings that are in response, or related, to the Amended Complaint filed on June 19, 2020;

(2)   Enter Default judgment against Hellmont on liability;

(3)   In the event Default is not entered and Hellmont's pleadings are not stricken, then:

   (a) admit all of the facts averred in paragraphs 6 through 52 of the Amended Complaint;

   (b) bar Hellmont from submitting any evidence supporting any claim or defense and from opposing any of Mark's claims or defense.

   (c) Stay the action until Plaintiff takes and completes the Deposition of Hellmont remotely;

(4)   Hold Hellmont in Contempt of Court for failing to obey the January 8, 2021 Order; and

(5)   Award reasonable fees and costs incurred by Marks.

Under Guam Rule of Civil Procedure 37, the Court has broad discretion to remedy discovery violations. It may order Hellmont to pay Marks' expenses, burden-shift, exclude pleadings, testimony, or other evidence, dismiss the action or render a judgment against Hellmont. *See* GRCP 37(c). In determining which sanction to impose, "trial courts have significant and broad discretion … to impose discovery sanctions, when necessary." *Paul's Guam Inc. v. Superior Ct. of Guam*, 2020 Guam 30, ¶ 17 (citing GRCP 37).

In deciding the severity of the sanctions, the Court notes that Guam courts maintain a strong policy in favor of deciding cases on the merits. *See Lujan v. McCreadie*, 2014 Guam 19 ¶ 21. Moreover, in Guam, the filings of pro se litigants are given considerable, lenient treatment in

ORIGINAL

the aim of giving the parties every fair opportunity to present their cases. *See Allen v. Richardson*, 2020 Guam 13 ¶ 8.

Based on those two factors, the Court declines to grant Marks' first and second requested sanctions. Moreover, because the strict notice and procedural safeguards required for finding a party in indirect contempt under 7 GCA § 34102(b) have not been satisfied, the Court declines to hold Hellmont in contempt. Considering, however, that Marks failed to comply with the Court's August 13 Order and, based on the record, his responses appear to be evasive, the Court shall accept certain factual claims as admitted in Marks' Amended Complaint.

As to the facts pertaining to BH Stiftung and to Hellmont's passport, the Court finds that Hellmont has been afforded more than enough time to adequately respond and that the Court must take action to avoid prejudicing Marks. Accordingly, the Court shall aver all factual claims pertaining to BH Stiftung and to Hellont's passport in Marks' Amended Complaint as admitted. To assist in this determination, the Court orders Marks to submit briefing, within fourteen days of the entry of this Decision and Order, on which facts in his Amended Complaint fall under this ruling and to what extent he plans to use those facts in proving his claims against Hellmont. Hellmont is given fourteen days to respond.

Turning to Marks' requests regarding Hellmont's net worth, the Court will permit Hellmont an additional fourteen days from this Decision and Order to disclose his net worth to Marks. A Status Report may be filed after fourteen days to advise the Court of whether Hellmont has complied. Should Hellmont fail to comply, the Court will make a determination on Hellmont's net worth for the purposes of Marks' punitive damage claims. Prior to that determination, the Court will also permit Marks to submit briefing on what amount the Court should find for Hellmont's net worth.



As to Marks' concern regarding a trial by ambush, the Court excludes from trial any evidence that Hellmont has not provided.

Finally, the Court grants Marks' request for attorney's fees associated with bringing this Motion. Marks may file a statement of reasonable expenses. The Court will pay close attention to the statement and supporting documents to ensure that they relate to the work conducted on the motion.

## III.   CONCLUSION AND ORDER

Having found that Hellmont's August 30, 2021 Submissions failed to adequately respond to Marks' discovery requests, as required by the Guam Rules of Civil Procedure, the Court GRANTS Marks' Second Motion for Discovery Sanctions.

In accordance with the Court's ruling, the Court ORDERS the following:

1. The Court shall accept all factual claims pertaining to BH Stiftung and to Hellont's passport in Marks' Amended Complaint as admitted. Marks shall submit briefing, within fourteen days of the entry of this Order, on which facts in his Amended Complaint fall under this ruling and to what extent he plans to use those facts in proving his claims against Hellmont. Hellmont will be given fourteen days to respond.

2. The Court shall permit Hellmont fourteen days from the entry of this Order to disclose to Marks his net worth. A Status Report may be filed after fourteen days to advise the Court of whether Hellmont has complied. Should Hellmont fail to do so, the Court will proceed as stated *supra*.

3. The Court excludes from trial any evidence that Hellmont has not provided.

4. The Court awards Marks reasonable attorney fees associated with bringing this Motion.

The Court has issued an Order Setting Case Schedule setting a jury trial date of June 16,

2022.  The Status Hearing scheduled for tomorrow, January 26, 2022, is VACATED.

SO ORDERED this 25th day of January 2022.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*Berman*
*L. Hellmont*
Date: _____ Time: 1/25/22
**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Daniel J. Berman, Berman Law Firm, for Plaintiff Robert Jay Marks
Lars Filip Hellmont, self represented Defendant

ORIGINAL